UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO.: 09-23322-CIV-COOKE/BANDSTRA**

CLERIS NASCEMBENI and all
others similarly situated under 29 USC 216(B)

       Plaintiff ,

vs.

QUAYSIDE PLACE PARTNERS, LLP
D/B/A RENAISSANCE FORT LAUDERDALE HOTEL,
MERRITT HOSPITALITY LLC, HEI HOSPITALITY, LLC
And HEI FORT LAUDERDALE

       Defendants
_____/

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT

COMES NOW the Plaintiff, through undersigned counsel, and pursuant to Local Rule 7.5 and FRCP 56, and shows the Court that should the Court Deny Plaintiff's Motion for Summary Judgment as there are genuine issues of material fact to preclude summary judgment to be entered in favor of Defendants as follows:

1. Defendants move for summary judgment on the following 2 issues:

   a. Plaintiff was a commissioned employee working in a retail or service establishment and is therefore exempt from overtime pursuant to 29 U.S.C. §207(i):

   b. Plaintiff did not comply with the minimum wage notice required under Florida law in addition to her hourly wage exceeding that of the applicable minimum wage under Federal and Florida law.

2. Plaintiff summary response to Defendants motion for summary judgment is as follows:

   a. The payments to Plaintiff do not meet the basic definition of a commission payment. Therefore, as Plaintiff was not a commissioned employee, Defendants did not comply with the Code of Federal Regulations (C.F.R.) as Plaintiff was not paid time and a half her average hourly rate for all hours worked above 40 hours in a work week pursuant to the applicable C.F.R. provisions. As such, Plaintiff is entitled to time and half her applicable hourly rate for every hour worked above 40 hours in a workweek.

   b. Alternatively, Plaintiff contends that Defendants intended to apply the tip credit to the applicable minimum wage required to be paid. However, as Defendants did not comply with the tip credit requirements, they have violated both the Florida and Federal requirements for minimum wage pay. Additionally, Plaintiff rectified the absence of the Florida minimum wage notice.

## MEMORANDUM OF LAW

A. **SUMMARY JUDGMENT STANDARD.**

"Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Once the moving party demonstrates the absence of a genuine issue of material fact, the non-moving party must "come forward with specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89

L. Ed. 2d 538 (1986) (quoting Fed. R. Civ. P. 56(e)). Accepting this evidence as truthful, the Court must view the record and all factual inferences there from in the light most favorable to the non-moving party and decide whether "'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997) (quoting *Anderson*, 477 U.S. at 251-52)). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Matsushita*, 475 U.S. at 587 (citing First *Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288 (U.S. 1968)); *see also Anderson*, 477 U.S. at 247-48 ("the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of material fact").

### A. Commissioned Employee pursuant to 29 USC 207(i):

In order to be exempt from overtime payments of the Fair Labor Standards Act pursuant to the 29 U.S.C. 207(i) the following criteria must be met:

> Employment by retail or service establishment. No employer shall be deemed to have violated subsection (a) by employing any employee at a retail or service establishment for a workweek in excess of the applicable workweek specified therein, if (1) the regular rate of pay of such employee is in excess of one and one-half times the minimum hourly rate applicable to him under section 6 [29 USCS § 206], and (2) more than half his compensation for a representative period (not less than one month) represents commissions on goods or services. In determining the proportion of compensation representing commissions, all earnings resulting from the application of a bona fide commission rate shall be deemed commissions on goods or services without regard to whether the computed commissions exceed the draw or guarantee.

29 U.S.C. § 207(i).

### 1. Regular rate of pay:

29 U.S.C. 207(i) first prong states that "(1) the **regular rate of pay** of such employee is in excess of one and one-half times the minimum hourly rate applicable to him under section 6 [29 USCS § 206]. [Emphasis added]. 29 C.F.R. 778.109 states:

> The "regular rate" under the Act is a rate per hour. The Act does not require employers to compensate employees on an hourly rate basis; their earnings may be determined on a piece-rate, salary, commission, or other basis, but in such case the overtime compensation due to employees must be computed on the basis of the hourly rate derived there from and, therefore, it is necessary to compute the regular hourly rate of such employees during each workweek, with certain statutory exceptions discussed in §§ 778.400 through 778.421. The regular hourly rate of pay of an employee is determined by dividing his total remuneration for employment (except statutory exclusions) in any workweek by the total number of hours actually worked by him in that workweek for which such compensation was paid. The following sections give some examples of the proper method of determining the regular rate of pay in particular instances: (The maximum hours standard used in these examples is 40 hours in a workweek).

29 CFR 778.109

> Although the statute does not define "regular rate," the Supreme Court has stated that "the regular rate refers to the hourly rate actually paid the employee for the normal, non-overtime workweek for which he is employed." *Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419, 424, 65 S. Ct. 1242, 1245, 89 L. Ed. 1705 (1945). The Department of Labor has adopted this definition and stated that the regular rate cannot be less than the minimum wage. 29 C.F.R. §§ 778.107, 778.108.

*Wethington v. Montgomery*, 935 F.2d 222, 224 (11th Cir. Ala. 1991).

It is undisputed that Plaintiff was paid on a bi-weekly basis whereby she would be paid an hourly wage ($3.65, $3.77, $4.19 or $4.23 over the last three years of her employment in addition to receiving banquet tips (or as described by Defendants as a service charge)[1]. 29 CFR

---

[1] With the exception of earning statement for pay date 1/26/07 which titles the additional payment as a "Service Charge" each and every other earning statement lists said payment as

778.110(b) describes how to compute an employees average hourly wage when similar to our case, Plaintiff is receiving an hourly rate in addition to a bonus or tip:

> (b) Hourly rate and bonus. If the employee receives, in addition to his earnings at the hourly rate, a production bonus of $ 9.20, the regular hourly rate of pay is $ 6.20 an hour (46 hours at $ 6 yields $ 276; the addition of the $ 9.20 bonus makes a total of $ 285.20; this total divided by 46 hours yields a rate of $ 6.20). The employee is then entitled to be paid a total wage of $ 303.80 for 46 hours (46 hours at $ 6.20 plus 6 hours at $ 3.10, or 40 hours at $ 6.20 plus 6 hours at $ 9.30).

Therefore, when applying said formula to our case, for the two week period ending on 3/30/2007 [Defendants exhibit C-1], Plaintiff's hourly rate would be $16.58/hr ($1,264.95 divided by 76.26 hours) and at the very least, Plaintiff would be entitled to halftime her hourly rate for the 7.70 hours of overtime worked during that two week period for an additional $63.83 of halftime for said two week period. As Plaintiff's payment of wages vary greatly from week to week, the only way to calculate Plaintiff's hourly wage is on a week by week or biweekly basis. However, as demonstrated below, Plaintiff is of the belief that Defendants intended to comply with the applicable minimum wage statute and as such, Defendants failed to pay Plaintiff time and a half the applicable minimum wage statute and therefore the 29 U.S.C. 7(i) exemption does not apply.

2. **More than half his compensation for a representative period (not less than one month) represents commissions on goods or services.**

The statute is silent as to the definition of a "commission" however at least one Court has weighed in on what it believes to be the proper definition for commissions. In *Wilks v. Pep Boys*, 2006 U.S. Dist. LEXIS 69537 (M.D. Tenn. Sept. 26, 2006), the District Court for the Middle District of Tennessee was faced with two different definitions for commissions pursuant to 29

U.S.C. 207(i). Defendants in said case opined that the correct definition of commissions is that it "qualifies as commission if it "provides an incentive for employers to increase their wages by increasing their employers' revenues or decreasing its costs."" "In other words, it argues, an employee earns a commission when he works under a payment system that incentivizes him to "'hustle' to finish [his] job in order to obtain a larger number of jobs for greater compensation." (*See id.* at 12 (quoting *Klinedinst v. Swift Invs., Inc.,* 260 F.3d 1251, 1254-55 (11th Cir. 2001).)" Plaintiff's opined that in order for compensation to qualify as a commission it "must demonstrate some proportionality between the cost of service to the customer and the corresponding payment to the employee." Plaintiff among other things cited to "2005 opinion letter from the Deputy Administrator of the Wage and Hour Division that indicated that "flat fees paid without regard to the value of the service performed do not represent commissions on goods or services for the purposes of Section 7(i).""

Although the *Wilks* Court cited to *Mechmet v. Four Seasons Hotels, Ltd.,* 825 F.2d 1173, 1175-78 (7th Cir. 1987) stating that the Court in *Mechmet* determined that "proportionality already existed between employee pay and customer cost, the court in *Mechmet* did not need to address whether such correlation was necessary in order to label the pay system as "commission."" However the clear distinction between the case at hand and *Mechmet* is that in *Mechmet* the hotel charged an 18% service charge but gave 16% to the banquet staff and the remaining two percent to the banquet sales staff *Mechmet* at 1175. In the case at hand the Defendants charge their customers an additional 22% of the total banquet bill. From said bill the hotel keeps 11% and the remaining 11% is distributed amongst the banquet servers [Palmer Depo. at 17]. Additionally, Defendants corporate representative was unable to articulate the formula used to determine how much of the 11% each banquet server received or whether the

sales department explained to the customer what percentage of the service charge was to go to the banquet servers as opposed to what percentage goes directly to the hotel.[Palmer depo at 34]. In *Mechmet* the Court found a correlation between the service charge charged to customers and the service charge paid to the banquet servers and the banquet sales staff. However in the case at hand, Defendants are unable to establish a proportionality between employee pay and customer cost. Defendants have no explained why the customer must be charged 22% and only 11% is paid to the banquet servers. Additionally, Defendants corporate representative did not believe that the breakdown of how much a banquet server is to receive from the 11% is ever explained to new hires. [Palmer Depo. P. 34]. As Plaintiff testified that she had asked for an explanation as to the 11% and no one ever explained it to her [Nascimbeni Depo. P. 54].

The Defendants have the burden of proving the exemption claimed under the Fair Labor Standards Act. *Brock v. Norman's Country Market*, 835 F.2d 823, 827 (11th Cir.) *cert denied*, 487 U.S. 1205 (1988).  Exemptions under the Fair Labor Standards Act are to be construed strictly and narrowly in favor of coverage of employees, affording maximum coverage to the employees due to the broad remedial purpose behind the Act.  *Nicholson v. World Business Network, Inc.,* 105 F.3d 1361 (11th Cir.  1997).  Therefore, should the Court find the *Wilks* Court interpretation of a commission persuasive, Defendants have not met their burden as they have been unable to demonstrate that the payments made to Plaintiff is a commission as there is not a proportionality between employee pay and customer cost.

Additionally, should the Court find the Defendants definition in the *Wilks* case persuasive that a commission is "incentive-to-hustle"-based theory" than the term commission would not apply to the facts of this case as Plaintiff was a mere banquet server who did not stand to gain anything by "hustling" to get a dish out to a customer. A customer would book an event and

Plaintiff was there to serve at that event. Defendants have not shown any evidence that Plaintiff could earn more commissions by working better or doing a better job. As such, should the Court be persuaded to use the "incentive-to-hustle" based theory on commission, the service charge paid to Plaintiff would not qualify as a commission.

Additionally, a review of Plaintiff's earning statements provided by Defendants show that on the two week period ending on 6/19/09 (pay date 6/26/09), Plaintiff was merely paid $4.19 an hour for 36.33 hours of work for a total payment of $152.22 without receiving any additional compensation whether banquet tips or a service charge. Defendants own records show that Plaintiff was not paid the appropriate minimum wages even if Defendants complied with the tip credit, as Plaintiff did not receive any additional tips to insure that she received at least the minimum wage for said work week, much less receive the required 1.5 the applicable minimum wage for the 29 U.S.C. 207(i) exemption to apply.

As there are genuine issues of material fact as to whether Defendants paid Plaintiff one and a half times the applicable minimum wage, and whether said payments to Plaintiff qualified as commissions, Defendants Motion for summary Judgment should be denied in its entirety.

The Tip Credit.

Pursuant to the FLSA, Defendants must pay Plaintiff at least $5.15 per hour from 1/1/06 through 7/23/07, $5.85 per hour from 1/24/07 through 7/23/08, $6.55 per hour from 1/24/08 through 7/23/09 and $7.25 per hour from 7/24/09 and ongoing, unless they fall under an exemption. 29 U.S.C. § 206 (a) (1) states "...an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce..." The Florida Constitution provides a higher minimum wage: on 5/2/05 through 12/31/05 the minimum wage in Florida was raised to

$6.15/hr, from 1/1/06 through 12/31/06 it was $6.40 per hour, from 1/1/07 through 12/31/07 it was $6.67 per hour, 1/1/08 through 12/31/08 it was $6.79 per hour and currently the minimum wage in Florida is $7.21/hr.

*The Notice Requirement*.

Pursuant to 29 U.S.C.S. Section 203(m) of the FLSA, and employer can credit up to 40% of the employees' minimum wage based upon tips actually received by the employees. *Martin v. Tango's Restaurant, Inc., et al.*, 969 F.2d 1319 (1st Cir. 1992). In other words, the employer can reduce the employees' hourly wage up to 40% less than the minimum wage so long as the employee makes up at least the difference in tips. However, 203(m) also states that the tip credit provision would not apply unless "(1) such employee has been informed by the employer of the provisions of this subsection, and (2) all tips received by such employee have been retained by the employee…." *Martin*, 969 F.2d at 1322. "Congress has in section 3(m) expressly required notice as a condition of the tip credit and the courts have enforced that requirement." *Id.* at 1323, citing *Richard v. Marriot Corp.*, 549 F.2d 303, 305 (4th Cir.), *cert. denied*, 433 U.S. 915 (1977); *Bonham v. Copper Cellar Corp.*, 476 F.Supp. 98, 101-02 (E.D. Tenn. 1979), *Donovan v. 75 Truck Stop Inc.*, 92 Lab. Cas. (CCH) P 34,071 at 44,091 (M.D. Fla. 1981).

In *Martin*, the First Circuit found it to be crucial that "the minimum wage or tip credit was never mentioned to the waiters…." *Martin*, 969 F.2d at 1323. The Court noted that it was not suggested "that the waiters knew anything of the minimum wage laws or defendants' intention to claim a tip credit against their obligations." *Id*. Thus, the court reversed the district court and ordered a recomputation "with no tip credit allowed." *Id*.

The Third Circuit noted that the tip credit is barred with regard to an "employer who failed to explain provisions of section 3(m) to employees, even though employer acted in good

faith." *Reich v. Chez Robert, Inc.,* 28 F.3d 401, 404 (3rd Cir. 1994), *citing, Bonham v. Copper Cellar Corp.*, 476 F. Supp. 98, 101-102 (E.D. Tenn. 1979).  *Reich* went on further to state a "district court may not equitably reduce liability for back wages to account for tips actually received."  *Reich,* 28 F.3d at 404.  Therefore, retained tips cannot be used to offset minimum wages not paid for purposes of equity even if good faith on the part of the employer is present:

The *Bonham* case held that a displayed poster did "not satisfy the notice requirement." *Bonham*, 476 F. Supp. at FN 6.  The Court's holding noted that the provisions of the tip credit were not "explained" to the employees, the defendants only verbally made "vague references" and no "specific conversation" regarding the minimum wage.  The court noted the evidence did not show "that there existed any program whereby relevant provisions of the Act were explained to all employees."

In addition, the Fifth Circuit has held that in the absence of an agreement between the employer and employee that "tips should be kept by the employee as compensation", "tips should not be considered in computing an employee's minimum wage." *Hayden v. A.G. Bowen et al.*, 404 F.2d 682, 686 (5th Cir. 1968).  *See also, Donovan v. 75 Truck Stop*, 1981 U.S. Dist LEXIS 15449, FN 11 (M.D. Fla. 1981)(quoting *Hayden* regarding express agreement requirement).

    2.    <u>*Defendants implemented prohibited system of tip-sharing*</u>.

29 U.S.C. Section 203(m)(2)(emphasis added) clearly states that: "The preceding 2 sentences shall not apply with respect to any tipped employee unless such employee has been informed by the employer of the provisions of this subsection, **and all tips received by such employee have been retained by the employee**, except that this subsection shall not be construed to prohibit the pooling of tips among employees who customarily and regularly receive tips."  The defendant

bears the burden of establishing that it is entitled to claim the "tip credit." *Barcellona v. Tiffany English Pub, Inc.,* 597 F.2d 464, 467 (5th Cir. 1979). Unless the employer satisfies its burden of showing the applicability of the tip credit, the employee is "entitled to the full minimum wage for every hour worked." *Id.* Therefore, Defendants cannot claim the tip-credit unless the Plaintiff banquet servers keep all of their tips.

In *Chung v. The New Silver Palace Restaurant, Inc.*, 246 F.Supp.2d 220, 223-24 (S.D.N.Y. 2002), "black jackets" who had ownership interest in the employer's business participated in the plaintiff waiters' tip pool. The court found that such tip-sharing is "illegal" and that the employer "should not be able to enhance its profits by forcing its tipped employees to share their tips with management while paying those employees less than minimum wage." *Id.* at 231. In *Chan et al. v. Sung Yue Tung Corp, et al.*, 2007 U.S. Dist. LEXIS 7770, *43-45 (S.D.N.Y. 2007), a dispute arose as to whether a 15% charge tacked onto customers' banquet bills (the waiters were permitted to keep only 75% of the 15% charge) was a tip or "service charge". Thus, the question was whether the employer was keeping a portion of either a tip or a service charge. The Court found the employer violated the FLSA as such payments were tips not service charges. *Id.* at 46.

In the case at hand it is undisputed that Defendants do not intend to claim the tip credit, as such has been stated in the Defendants Motion for Summary Judgment. The facts of this case are not in dispute. Defendants hotel contracts with customers to provide banquet functions for both small and large events such as weddings and corporate events. Included in the contract is a twenty two percent (22%) service charge which is divided between banquet servers (11%) and hotel management (11%). Defendants do not contend that they explained the tip credit or put Plaintiff or other employees on notice regarding the tip credit. Additionally, it is clear and

undisputed that hotel management shared in these banquet tips. As explained above, these banquet tip do not qualify as commissions earned by employees. The banquet tips received by Plaintiff and other banquet servers are just that, tips. As Defendants did not comply with the requirements for the tip credit, their only argument left is that the banquet tips received by Plaintiff are commissions. However, a reading of *Sung Yue Tung Corp.* leads to the conclusion that in deciding tip-sharing issues, the court needs to take into consideration "common sense" and customer perceptions. For example, the court in *Sung Yue Tung Corp.* stated that "[c]ommon sense suggests, moreover, that customers would assume that the 15 percent amount referenced on the banquet bill was a tip." Id. at 43-44. The same theory would apply in the case at hand, the 22% additional charge paid by customers would logically be construed by nearly every customer as a tip or a charge to be paid in lieu of a tip, but nevertheless a tip.

To support said argument, one need only look at the earning statements produced by Defendants in support of their motion for summary judgment. With the exception of the earning statement with the pay date of 1/26/07 which lists a service charge as additional payment, each and every other earning statement lists the additional payments to Plaintiff as banquet tips. Additionally, one might ask, why did Defendants make a decision to pay Plaintiff and other banquet servers base hourly rates of $3.38, $3.65, $3.77, $4.19 and $4.23.  It is Plaintiff's contention that the purpose behind setting said wage rates is in order to comply with the Florida Minimum Wage Statute and the Florida Constitution. Fla. Const. Art. X, § 24 (c) states in part "For tipped Employees meeting eligibility requirements for the tip credit under the FLSA, Employers may credit towards satisfaction of the Minimum Wage tips up to the amount of the allowable FLSA tip credit in 2003." The tip credit applied under Florida Law is that of $3.02 deducted from the applicable minimum wage.

> The Florida minimum wage law also allows a "tip credit." The "tip credit" allowed by Florida law is the same as that allowed by the FLSA, $ 3.02. Fla. Const. Art. 10, § 24 (c). The reduced cash wage allowed for tipped employees under the Florida minimum wage law was $ 3.38 per hour ($ 6.40 minus $ 3.02) in 2006 and $ 3.65 per hour ($ 6.67 minus $ 3.02) in 2007.

*Perez v. Palermo Seafood, Inc.*, 548 F. Supp. 2d 1340, 1347 (S.D. Fla. 2008). Using said reasoning it would follow that the tip credit for the year 2008 would be $3.77 ($6.79 - $3.02), $4.19 ($7.21 - $3.02) from 1/1/09 through 7/23/09, and $4.23 ($7.25 - $3.02) from 7/24/09 and ongoing. The hourly wage used by Defendants as evidenced in the earning statements [Exhibit C-1 to Defendants Motion for Summary Judgment] produced by Defendants clearly show that when the tip credit to be used in Florida increased, the base hourly rate of pay for Plaintiff increased by the exact amount. It clearly appears that Defendants intended for the tip credit to apply, but did not comply with the tip credit requirements such as by sharing in the tip pool and not advising employees of the tip credit.

Additionally, a review of Plaintiff's earning statements provided by Defendants show that on the two week period ending on 6/19/09 (pay date 6/26/09), Plaintiff was merely paid $4.19 an hour for 36.33 hours of work for a total earning of $152.22 without receiving any additional compensation. Defendants own records show that Plaintiff was not paid the appropriate minimum wages even if Defendants complied with the tip credit, as Plaintiff did not receive any additional tips to insure that she received at least the minimum wage for said work week.

As Defendants have failed to advise Plaintiff of the tip credit, were engaged in tip sharing and for at least one week did not even attempt to apply the tip credit and paid Plaintiff well below the minimum wage, Defendants cannot claim the tip credit. Therefore, if the banquet tips received by Plaintiff do not qualify as a commission and furthermore do not qualify as payment under the tip credit, Defendants have failed to pay Plaintiff minimum wages and have therefore

not met the requirement of the 29 U.S.C. 7(i) exemption of paying Plaintiff at least 1.5 time the applicable minimum wage as Plaintiff was paid below the applicable minimum wage. As such, Defendants Motion for Summary Judgment should be denied in its entirety.

**Minimum Wage Notice:**

On March 2, 2010 after the litigation had commenced an associate from Plaintiff's firm sent Defense counsel the statutory minimum wage notice pursuant to Florida Statute §448.110. Said notice was sent in order to cure any harm they may have been caused by the lack of mailing said notice. On March 10, 2010, approximately one week after receiving said notice, Defense counsel responded [portion of letter attached as exhibit A) stating that he disputes Plaintiff's claim. Additionally, a review of the docket will show that even after the Court required the Parties to mediate so that the Parties could hopefully resolve this matter, Defense counsel filed a motion to have the Court Ordered mediation cancelled [D.E.40] as he felt the mediation would be hopeless or to quote defense counsel in paragraph 21 of his motion "Mediation of this case at this time would merely cause the parties to expend fees and resources to engage in a hopeless attempt to settle." Additionally, in said Motion Defense counsel referred to the case of Carpaneda et al v. Quayside Place Partners, LLP et al, Case No. 09-cv-20740-Seitz/O'Sullivan whereby the Parties mediated said case on October 5, 2009 which resulted in the Parties entering into a binding settlement agreement. Plaintiff thereafter filed a motion to compel/enforce said settlement agreement which was referred to Magistrate John O'Sullivan who entered a report and recommendation to Judge Seitz that the Court find that the Parties had entered into a binding settlement agreement. Defendants have no objected to said report and recommendation.

The point of stating the history between counsel is to show that even had the minimum wage notice been filed prior to filing the lawsuit, Defendants would not have attempted to settle said lawsuit as the Parties differ as to their understanding of the law. Said position has continuously been reiterated by Defense counsel. Obviously, the purpose behind the notice requirement of Florida Statute 448.110is so that the Parties can hopefully resolve their case prior to involving the Court. However, as Plaintiff has brought a claim for overtime wages under the FLSA which does not require notice, a lawsuit would have been filed to protect Plaintiff's interests, particularly from the statute of limitations. Additionally, as evidenced above, Defendants have a differing opinion as to the law and would not have attempted to resolve this case had Plaintiff provided the notice prior to filing said lawsuit. As Plaintiff ultimately, did file said minimum wage notice, and the parties were unable to resolve said matter within the 15 days of said notice or at mediation, Plaintiff should be allowed to proceed with her claim for Minimum Wages pursuant to the Florida Constitution.

Additionally, one Court in the Middle District found the notice requirement to be unconstitutional stating "the Court concludes that it is not necessary for Plaintiff to fulfill the notice requirements found in § 448.110(6)(a) in order to allege a violation of Section 24, Article X of the Florida Constitution." *Throw v. Republic Enter. Sys.*, 2006 U.S. Dist. LEXIS 46215 (M.D. Fla. June 30, 2006). The undersigned acknowledges that several Court's in the Southern District have held otherwise including *Resnick v. Oppenheimer & Co.*, 2008 U.S. Dist. LEXIS 1163 (S.D. Fla. Jan. 8, 2008) and *Dominguez v. Design by Nature Corp.*, 2008 U.S. Dist. LEXIS 83467 (S.D. Fla. Sept. 25, 2008).

Nevertheless, Plaintiff did rectify the absence of the minimum wage notice when said notice was sent to defense counsel on March 2, 2010 before the Parties took depositions in this

case. As such, Plaintiff should be allowed to proceed with her claim for Minimum Wage pursuant to the Florida Constitution. Should the Court not allow Plaintiff to proceed with her claim under the Florida Constitution, Plaintiff nevertheless can still proceed with her claim under the Fair Labor Standards Act as the payments made to Plaintiff were also in violation of the Federal Minimum Wage and such has been pled in the Complaint.

Respectfully Submitted,

J. H. Zidell, Esq.
J.H. Zidell, P.A.
Attorney For Plaintiff
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865 – 7167

By:__/s/ J.H. Zidell_____
    J.H. Zidell, Esq
    Florida Bar Number: 0010121

**CERTIFICATE OF SERVICE:**

I hereby certify that a true and correct copy of the foregoing Plaintiff's Response to Defendants Motion for Summary Judgment was served via CM/ECF to Richard Lee Barbara, Esq., Alvarez Almazan & Barbara LLP, 2701 S. Bayshore Drive, Suite 305, Miami, Florida 33133, fax: (305) 263 – 7699, email: rbarbara@aablegal.com and to Brett C. Bartlett, Esq. at Seyfarth Shaw LLP, 1545 Peachtree Street, NE, Suite 700, Atlanta, Georgia 30309, fax: (404) 892-7056, email: bbartlett@seyfarth.com on this 29th day of April, 2010.

J. H. Zidell, Esq.
J.H. Zidell, P.A.
Attorney For Plaintiff
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865- 7167


By:__/s/ J.H. Zidell_____
    J.H. Zidell, Esq
    Florida Bar Number: 0010121