UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.  09-23322-Civ-COOKE/BANDSTRA

CLERIS NASCEMBENI,

    Plaintiff

vs.

QUAYSIDE PLACE PARTNERS, LLP, *et al.*,

    Defendants.
_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

THIS CASE is before me on the Defendants' Motion for Summary Judgment [D.E. 38].  I have reviewed the arguments of the Parties, the record, and the relevant legal authorities.  For the reasons explained in this order, the Defendants' summary judgment motion is granted, and judgment is entered in favor of the Defendants.

### I. Background

Cleris Nascembeni is a banquet server for the Renaissance Hotel.  She claims that her employer failed to pay her overtime wages and minimum wages, and brings this lawsuit under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-216, the Florida Minimum Wage Act, Fla. Stat. § 448.110 (2009), and the Florida Constitution, Art. X § 24.

Ms. Nascembeni is paid under a split compensation structure, that is, she is paid both an "hourly rate" and a portion of the "service charge" which the Hotel collects from its customers for all banquet events.  (Defs.' S. of Material Facts ¶ 6 [D.E. 39]).  From January 2006 through

October 2009, Ms. Nascembeni's "hourly rate" ranged from $3.38 to $4.89.[1] (Palmer Decl., Ex. 1 [D.E. 39-4]; *see also* Rushing Decl., Ex. 5 [D.E. 46-1]). During this same time period, Ms. Nascembeni's portion of the "service charge" ranged from $173.08 to $1871.77, per pay period. (*Id.*). Ms. Nascembeni's compensation from January 2006 through October 2009, combining her "hourly rate" and the portion of the "service charge" ranged from $8.04 to $29.71, per hour. (*Id.*). The effect of these figures means that Ms. Nascembeni's "hourly rate" was below the applicable minimum wage, however, when combined with the "service charge" Ms. Nascembeni's income, calculated on an hourly basis, was higher than applicable minimum wage. (*See id.*).

It is this split compensation structure that is the source of the dispute between the Parties. Ms. Nascembeni argues that the "service charge" portion of her paycheck was a gratuity. The Hotel contends that the "service charge" is a commission. If Ms. Nascembeni's categorization of the "service charge" is correct, the Hotel is in violation of the both the minimum wage and overtime wage provisions of the FLSA and the Florida wage laws. If the Hotel's classification of the "service charge" as a commission is legally accurate, then it is not in violation of any of the minimum wage laws, and would qualify for certain exceptions to the overtime wage laws. For the reasons explained in this order, I find that the "service charge" portion of Ms. Nascembeni's compensation constitutes a commission, and therefore grant summary judgment in favor of the Defendants.

---

[1] Although the allegations in Ms. Nascembeni's complaint reach back to June 2000, she has abandoned all claims of minimum wage and overtime wage violations prior to January 2006. (*Compare* Defs.' S. of Material Facts ¶ 9 [D.E. 39] *with* Pl.'s Resp. to Def.'s S. of Material Facts ¶ 9 [D.E. 45-1]).

## II. LEGAL STANDARDS

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"The moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial . . . [o]nly when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324 (internal quotation marks omitted). Thus, the nonmoving party "may not rest upon the mere allegations or denials of his pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (internal quotation marks omitted); *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1984) (stating "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply

show that there is some metaphysical doubt as to the material facts").

The Court must view the evidence in the light most favorable to the nonmoving party, and summary judgment is inappropriate where a genuine issue material fact remains. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970). Furthermore, the court may not weigh conflicting evidence to resolve disputed factual issues; if a genuine dispute is found, summary judgment must be denied. *Skop v. City of Atlanta, Ga.*, 485 F.3d 1130, 1140 (11th Cir. 2007).

### III. ANALYSIS

*A.  Ms. Nascembeni's Minimum Wage Claims Are Contrary To The Undisputed Facts, Since The "Service Charge" Is a Commission*

A "service charge" added by a hotel to every banquet bill, and then distributed (in whole or in part) to its banquet staff, is properly classified as a "commission," and not a gratuity, under the FLSA. *Mechmet v. Four Seasons Hotels, Ltd.*, 825 F.2d 1173, 1174-77 (7th Cir. 1987). A "service charge" is a commission despite the fact that the parties may describe it colloquially as a gratuity or a tip. *Id.* at 1177 (explaining that a service charge is not a tip if the customer had no discretion of whether to pay it or not).

In this case there is no dispute that the Hotel added a service charge to every banquet bill, and then distributed a portion of that service charge to its banquet staff. (Defs.' S. of Material Facts ¶ 5 [D.E. 39]). There is also no dispute that the service charge was non-negotiable, in other words, the Hotel's banquet customers had no discretion as to whether to pay the service charge or not. (*Id.*). Here the "service charge" is properly classified as a "commission," and not a gratuity. The fact that the earnings statements labeled the service charge portion of Ms. Nascembeni's income as "banquet tips," does not change the nature of the service charge. The Parties imprecise, or colloquial, use of the term "tip" does not transform this income source that

-4-

would otherwise be a commission. *See Mechmet*, 825 F.2d at 1177 (attaching "no weight" to the fact that the parties described the payment of the service charge to the banquet staff as a gratuity).

Ms. Nascembeni's compensation (combining her "hourly rate" and her share of the "service charge"), from January 2006 through October 2009, ranged from $8.04 to $29.71, per hour. (Palmer Decl., Ex. 1 [D.E. 39-4]; *see also* Rushing Decl., Ex. 5[D.E. 46-1].). This amount was always greater than the minimum wage law in effect. (Defs.' S. of Material Facts ¶ 9 [D.E. 39]). Ms. Nascembeni's claims for violation of the minimum wage provisions of the FLSA and the Florida wage laws fail, since her allegations are contrary to the undisputed facts.[2] Summary judgment is granted in favor of the Defendants as to all of the minimum wage claims.

**B.    *Ms. Nascembeni's Position is Exempted From The FLSA's Overtime Wage Requirement.***

"The FLSA, 29 U.S.C. § 201 *et seq.*, requires employers to pay employees at the enhanced rate of time-and-a-half when their workweek exceeds 40 hours." *Cremeens v. City of Montgomery*, 602 F.3d 1224, 1227 (11th Cir. 2010) (quoting 29 U.S.C. § 207(a)(1)). As an exception to this overtime wage requirement, an "employee of a retail or service establishment" does not need to be paid time-and-a-half when his or her workweek exceeds 40 hours so long as (1) the employee's regular rate is more than one and one-half times the minimum hourly rate, and (2) more than half of the employee's compensation is from commissions. 29 U.S.C. § 207(i).

There is no dispute that Ms. Nascembeni is an employee of a service establishment. (Defs.' S. of Material Facts ¶ 3 [D.E. 39]). Based on my ruling that the service charge portion of

---

[2] The Florida minimum wage laws are interpreted consistent with the FLSA. Fla. Const. art. X, § 24(f) ("It is intended that case law, administrative interpretations, and other guiding standards developed under the federal FLSA shall guide the construction of this amendment and any implementing statutes or regulations.").

Ms. Nascembeni's income is a commission, it is clear that she regularly earned more than one and one-half times the minimum wage rate. In 2006, one and one-half times the Florida minimum wage was $9.60, while Ms. Nascembeni's average hourly rate in 2006 was $14.86. (*See* Defs.' S. of Material Facts ¶ 9; *see also* Palmer Decl., Ex. 1 [D.E. 39-4]; Rushing Decl., Ex. 5 [D.E. 46-1]). In 2007, one and one-half times the Florida minimum wage was $10.00, and that same year Ms. Nascembeni's average hourly rate was $16.14. (*See id.*). In 2008, one and one-half times Florida's minimum wage increased to $10.18, and Ms. Nascembeni's average hourly rate increased to $17.40. (*See id.*). Finally, in 2009 one and one-half times the Florida minimum wage was $10.81, while Ms. Nascembeni's average hourly rate in 2009 was $17.49. (*See id.*). In addition to consistently being paid more than one and one-half times the minimum wage, it is undisputed that the commission portion of her income accounts for more than half of her compensation. (Defs.' S. of Material Facts ¶ 6; *see also* Rushing Decl., Ex. 5).

Ms. Nascembeni does not dispute these figures, except to argue that the Hotel should not factor the service charge into her income for these purposes. As I have explained, the service charge is properly construed as a commission and must be factored into the calculation. Accordingly, Ms. Nascembeni is within the commissioned work exemption as detailed in 29 U.S.C. § 207(i). As an exempted employee, the Hotel was not required to pay Ms. Nascembeni overtime wages. For these reasons, summary judgment is granted in favor of the Defendants as to overtime wage claims.

### IV. Conclusion

The facts of this case are clear and undisputed. The only unresolved issue is the nature of "service charge." Since 2006, the Renaissance Hotel has paid Cleris Nascembeni a base hourly

rate and a portion of a service charge that is added to every banquet bill.  This service charge is a commission, under the FLSA and the Florida minimum wage laws.  The Hotel has not violated any federal or state minimum wage laws because, when added together, Ms. Nascembeni's base hourly rate plus the commission have always been higher than the applicable minimum wage.  Additionally, Ms. Nascembeni falls within an exception to the FLSA's overtime wage requirement, and so the Hotel has not violated the FLSA's overtime law.

It is **ORDERED and ADJUDGED** that:

1. The Defendants' Motion for Summary Judgment [D.E. 38] is **GRANTED**.  Final judgment is entered in favor of the Defendants as to all claims in the Plaintiff's Amended Complaint.

2. The Clerk shall **CLOSE** this case.  All pending motions are **DENIED** as moot, and this matter is removed from the Court's trial calender.

**DONE and ORDERED** in chambers, at Miami, Florida, this 11th day of June 2010.

*/s/ Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Ted E. Bandstra, U.S. Magistrate Judge*
*Counsel of record*